# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

WILLIE GORDON                                          CIVIL ACTION

VERSUS

BURL CAIN, ET AL                                       NO. 07-14-A-M2

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, November 26, 2007.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

DA and Clerk for 19th JDC

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**WILLIE GORDON**                                                      **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL**                                                   **NO. 07-14-A-M2**

<u>**MAGISTRATE JUDGE'S REPORT**</u>

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 2) filed by petitioner, Willie Gordon ("Gordon").  The State has filed a Motion to Dismiss Gordon's habeas petition (R. Doc. 9).  In its motion, the State contends that Gordon's habeas petition should be dismissed because his two-page supporting memorandum (R. Doc. 1) sets forth no grounds for relief and because Gordon has failed to attach any of the state court pleadings to which he refers in his supporting memorandum.  Such memorandum simply provides that petitioner, "in an effort to be as brief as possible in this instant matter, directs this Honorable Court's attention to the herein attached copies of the filings in the Louisiana Courts, as well as the arguments of facts and law therein."  Gordon contends that he "rests upon those arguments" in support of his present habeas petition.  However, Gordon failed to attach any state court pleadings to his habeas petition or supporting memorandum, and according to the Court's docket, merely attached "1 pack sugar/2 packs of salt."  *See*, R. Doc. 1.

On October 31, 2007, the Court issued a Ruling & Order (R. Doc. 11), wherein it agreed with the State that Gordon's submissions were wholly inadequate to sustain his habeas petition; however, because immediate dismissal is a harsh sanction and because

petitioner vaguely asserted an alleged denial of his constitutional rights to due process and equal protection in his habeas petition, the Court allowed Gordon an opportunity to supplement the record with a memorandum in support of his habeas petition and with the state court pleadings to which he refers in his original supporting memorandum.  The Court cautioned petitioner that mere reference to and reliance upon the pleadings filed in state court was insufficient and that he was required to submit legal arguments to the Court which allege a violation of federal constitutional rights and specifically identify grounds for relief.  The Court further warned petitioner that, in the event he did not supplement the record as directed within fifteen (15) days of that Order, or by November 15, 2007, his habeas petition would be dismissed.

On November 21, 2007, a supplemental, supporting memorandum was filed into the record by Gordon.  According to the Certificate of Service, such memorandum was placed into the prison mail system on November 8, 2007, thereby making it timely under the Court's October 31, 2007 Order.  *See, Spotville v. Cain*, 149 F.3d 374 (5th Cir. 1998)(Habeas corpus petition should be deemed "filed" when petition is handed over to prison authorities for mailing).  In that supplemental memorandum, Gordon asserts one "assignment of error" – that his habitual offender sentence was illegal because he was never advised by the trial court, prior to pleading guilty at his habitual offender hearing, of the following three constitutional rights:  (1) the privilege against self-incrimination; (2) the right to trial by jury; and (3) the right to face one's accusers and compulsory process (*i.e.*, that he was denied due process under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969)).  Because Gordon has now asserted factual allegations which state a constitutional violation, the Court finds that summary dismissal of his habeas

2

petition is not warranted. *See, Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S.Ct. 2074, 135 L.Ed.2d 790, 796 (E.D.Mich. 2001)("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief"); *Edwards v. Johns*, 450 F.Supp.2d 755 (E.D. Mich. 2006)("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may be summarily dismissed").[1]

Although Gordon has failed to submit the state court pleadings which he generally referenced in his original supporting memorandum , the Court finds that such failure alone is an insufficient ground upon which to dismiss his habeas petition, considering that he has now asserted a specific constitutional violation in his supplemental memorandum, which is all that 28 U.S.C. §2254 technically requires, and since his pro se habeas petition is to be liberally construed in his favor. *See, Quinn v. Dooley*, 272 F.Supp.2d 839 (D.S.D. 2003)(District courts can disregard certain defects in a pro se petitioner's habeas application which appear to be due to an oversight and which do not deprive the court of jurisdiction). Gordon's failure to submit the state court pleadings to which he referred in his original supporting memorandum likely resulted from oversight and does not deprive this court of jurisdiction over his habeas petition. Accordingly, the State's motion to dismiss Gordon's habeas petition should be denied.

## RECOMMENDATION

For the above reasons, the Motion to Dismiss Petition for Writ of Habeas Corpus (R. Doc. 9) filed by the State of Louisiana should be **DENIED**, and the State, through the

---

[1] *See also, Boutwell v. Keating*, 399 F.3d 1203 (10th Cir. 2005)(Habeas rule requires dismissal of petition that fails to allege facts that state a constitutional violation).

District Attorney for the 19th Judicial District, should be directed to file a response addressing the constitutional claim raised in petitioner's supplemental memorandum in support of his habeas petition (R. Doc. 12), together with a memorandum of legal authorities in support of said response.[2]  The District Attorney should also be directed to file a <u>certified</u> copy of the <u>entire</u> state court record relating to the proceedings at issue in Gordon's supplemental memorandum.[3]

     Signed in chambers in Baton Rouge, Louisiana, November 26, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] The District Attorney, in preparing such response, should follow the Court's directives as set forth in the August 13, 2007 Order (R. Doc. 5) in this matter.

[3] As directed in the Court's August 13, 2007 Order, the Clerk of Court for the 19th Judicial District Court shall take all steps necessary to assist the District Attorney in preparing and filing a certified copy of the state court record with this Court.

4