**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIE GORDON** | **CIVIL ACTION** |
| **VERSUS** | |
| **BURL CAIN, ET AL** | **NO. 07-14-A-M2** |

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in chambers in Baton Rouge, Louisiana, March 27, 2008.

                                **MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIE GORDON** | **CIVIL ACTION** |
| **VERSUS** | |
| **BURL CAIN, ET AL** | **NO. 07-14-A-M2** |

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 2) filed by Willie Gordon ("Gordon"). The State has filed an opposition (R. Doc. 21) to Gordon's petition.

**FACTS & PROCEDURAL BACKGROUND**

On March 21, 1989, Gordon was charged by grand jury indictment with aggravated rape, aggravated kidnapping, and armed robbery in violation of La. R.S. 14:42, 14:44, and 14:64 respectively. He pled not guilty, and following a jury trial, he was found guilty as charged on all three counts on December 13, 1989. He was subsequently adjudicated a second felony habitual offender and sentenced, on February 21, 1990, to concurrent sentences of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence for the aggravated rape and aggravated kidnapping convictions and to a consecutive sentence of one hundred ninety-eight (198) years at hard labor without the benefit of parole, probation, or suspension of sentence for the armed robbery conviction. Gordon appealed to the First Circuit Court of Appeal, which affirmed his convictions and sentences on May 16, 1991. He did not apply to the First Circuit for a rehearing or to the Louisiana Supreme Court for a writ of certiorari relative to such affirmation, and his convictions and sentences therefore became final on May 31, 1991, pursuant to La. C.Cr.P. art. 922.

1

Nearly three years later, on May 17, 1994, Gordon filed his first application for post-conviction relief, wherein he asserted the single claim that his convictions and sentences had been obtained in violation of the United States and Louisiana Constitutions.  On that same date, he requested that he be granted an extension of one hundred twenty (120) days within which to amend his post-conviction relief application.  On May 31, 1994, Commissioner Allen J. Bergeron, Jr., of the 19th Judicial District Court, Parish of East Baton Rouge, recommended that both Gordon's motion for extension of time and his first post-conviction relief application be denied.  The trial court subsequently issued an order on June 13, 1994, dismissing Gordon's application without merit for failing to identify a specific basis for his claim and denying Gordon's motion for extension of time to amend.

Gordon filed a second post-conviction relief application on September 12, 1995, wherein he asserted that his sentences were "illegal" and in violation of his U.S. and Louisiana constitutional rights.  On October 13, 1995, he filed a third application for post-conviction relief, asserting the following ten claims:  (1) that the initial police report from the East Baton Rouge Parish Sheriff's Department was "illegal" as it was not signed by the investigator or the victim; (2) that his right to due process was violated when trial counsel failed to object to "the illegal physical line-up;" (3) that the State "violated discovery," and counsel was ineffective "for not obtaining the requested documents under the fruit of the poisonous tree doctrine;" (4) that trial counsel was ineffective in failing to object to three charges being included in one indictment; (5) "Was it legal for the State to present evidence at trial that was granted at the suppression hearing and not file to the defense any notice of intent to use that evidence?" [sic]; (6) "Was it legal for the State and Defense to accept expert witnesses not qualified to testify at trial?" [sic]; (7) "Was the alleged victim competent

2

enough to give an accurate testimony of what had transpire to her from the applicant?" [sic]; (8) "It was stated in the initial police report that the victim was examined at the Women's Hospital in Baton Rouge by Dr. William Brown, the report was done by Sgt. B. White of the East Baton Rouge Police Department, or was there any medical report at all?" [sic]; (9) "Applicant was charged with three different charges occurring out of the same transaction, which is a violation of La. C.Cr.P. Art's 883, and LSA-R.S. 14;41 (B). Did trial counsel object to these illegal charges?" [sic]; and (10) "Did trial counsel violate the applicant's constitutional right by not filing for a post verdict judgment of acquittal before the sentence if the evidence was insufficient?"

On November 8, 1995, Commissioner Bergeron issued a recommendation that Gordon's second application for post-conviction relief be dismissed as untimely because it was filed more than three years after the date on which his convictions became final and because none of the listed exceptions to the three-year period for filing post-conviction relief under La.C.Cr.P. art. 922 applied to his case. While the Commissioner did not specifically address Gordon's third post-conviction relief application, it is clear that, since it was filed over a month after the second application, it was also untimely. On November 13, 1995, the trial judge dismissed Gordon's application for post-conviction relief as untimely. Although the trial judge did not did not specify the particular post-conviction relief application upon which he was ruling, since both the second and third applications were untimely, the ruling could apply to either one.[1]   Gordon then filed a "Motion for

---

[1] The state court record also contains what appears to be a fourth application for post-conviction relief, which was identical to the application filed on September 12, 1995.  That application was summarily dismissed by the trial court, with the single word "DENIED" written on the first page of the application.

Reconsideration of Dismissal of Application for Post-Conviction Relief" on January 29, 1996. The Commissioner recommended that the motion be dismissed because Gordon's post-conviction claims were untimely, and on August 9, 1996, the trial judge adopted the Commissioner's recommendation.

On October 23, 1998, Gordon filed another application for post-conviction relief, wherein he asserted the following claims: (1) Whether a racially discriminatory system of selecting the East Baton Rouge Parish Grand Jury and Foreperson violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution "under the holding of the United States Supreme Court in **Terry Campbell v. Louisiana**, 1998 West Law, 183853 (U.S.)(April 12, 1998);" (2) Whether or not trial counsel was ineffective for not filing the proper motion on insufficiency of the evidence under La. C.Cr.P. art. 821; (3) Whether or not petitioner's appellate counsel was ineffective in violating petitioner's due process rights and whether or not appellate counsel violated petitioner's due process rights by not filing objections noted at trial; and (4) the State failed to adjudicate petitioner as a Multiple Offender when it failed to properly Boykinize him on prior offense. On November 2, 1998 and January 4, 1999, Gordon filed supplemental briefs, alleging that he was denied effective assistance of counsel and that the state "violated discovery." On March 19, 1999, the Commissioner recommended dismissal of Gordon's application and supplemental briefs as untimely filed, which recommendation was adopted by the trial judge on March 29, 1999. Gordon filed a "Motion for Reconsideration of Commissioner's Denial of Petitioner's Application for Post-Conviction Relief," and on April 9, 1999, a judicial clerk for the 19th Judicial District Court sent Gordon a letter advising that the motion for reconsideration was without merit because the trial court had denied his post-conviction relief application.

**4**

Finally, Gordon filed a final application for post-conviction relief on February 7, 2005, again alleging ineffective assistance of counsel as well as a *Brady* violation. That application was dismissed by the trial court on September 21, 2006, when the trial judge adopted another recommendation by the Commissioner that the application be dismissed as untimely filed. Additionally, between February 13, 1992 and May 1, 2007, Gordon filed numerous other motions for the trial court's consideration, including motions for production of documents and various transcripts, the District Attorney's file, all pre- and post-trial motions, search warrants, the jury verdict, exculpatory evidence in the District Attorney's files, and lab and police reports, some of which were granted. Gordon also filed at least four motions to correct an illegal sentence as well as numerous writ applications to the state's appellate courts seeking review of the trial court's rulings on his various applications and motions, all of which were denied.

On January 5, 2007, Gordon filed his present habeas petition, wherein he set forth only a vague allegation of a denial of his constitutional rights to due process and equal protection. As a result, the State filed a Motion to Dismiss such petition on October 29, 2007. In a Ruling dated October 31, 2007 (R. Doc. 11), the Court explained that it agreed with the State that Gordon's submissions were "wholly inadequate to sustain his habeas petition;" however, because of the harshness of the sanction of immediate dismissal and since Gordon had vaguely asserted an alleged denial of his constitutional rights to due process and equal protection, the Court allowed him an opportunity to supplement the record with a memorandum in support of his habeas petition and with the state court pleadings to which he referred in his original supporting memorandum.

On November 21, 2007, Gordon filed a supplemental memorandum in support of his

5

habeas petition, wherein he asserts a single ground for relief – that his sentence as a habitual offender is illegal in that he was never advised by the trial court at the habitual offender hearing of his right to remain silent. The State opposes such claim and contends that it should be dismissed because Gordon's habeas petition was not timely filed and because such claim is procedurally barred.

## LAW & ANALYSIS

As mentioned above, Gordon's convictions and sentences became final on May 31, 1991, when he did not apply to the First Circuit Court of Appeal for a rehearing or to the Louisiana Supreme Court for a writ of certiorari relative to the affirmation of same. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, is applicable to Gordon's case. AEDPA provides, in 28 U.S.C. 2244(d)(1) and (2), that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

>  exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1) and (2).

State prisoners whose judgments became final before the enactment date of AEDPA, April 24, 1996, are afforded a one-year grace period within which to file their habeas petitions, meaning their petitions must have been filed on or before April 24, 1997. *Flanagan v. Johnson*, 154 F.3d 196, 1999-200 (5th Cir. 1998). However, the one-year period is tolled for any "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . [was] pending." §2244(d)(2). Thus, in Gordon's case, the one year period within which to file his present habeas petition began to run on April 24, 1996 and expired on April 24, 1997. Although Gordon filed numerous state post-conviction relief applications, none of those applications were filed between April 24, 1996 and April 24, 1997, so as to toll the one year time period as provided for in §2244(d)(2).[2] Accordingly, Gordon's present habeas petition

---

[2] Moreover, even assuming any of his post-conviction relief applications had been filed during that one year period, they would nevertheless fail to toll that time period because they were not "properly filed" for purposes of §2244(d)(2) since they were all dismissed because they did not comply with state procedural requirements. *See, Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1811, 161 L.Ed.2d 669 (2005), citing *Artuz v. Bennett*, 531 U.S. at 8, 11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)(An application is "properly filed" for purposes of §2244(d)(2) when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, including the time limits upon delivery of the application); *Harrison v. Campbell*, 2007 WL 4038722 (9th Cir. 2007)(As the state courts concluded under state law that the petitioner's state petition for a writ of habeas corpus was untimely, it was not "properly filed," and the petitioner was not entitled to statutory tolling under §2244(d)(2) of the Antiterrorism and Effective Death Penalty Act); *Marshall v. Cain*, 2005 WL 3115095 (5th

should be dismissed as untimely.

Finally, and in the alternative, Gordon's habeas petition should be dismissed as procedurally barred because all of the state court's rulings denying his applications for post-conviction relief were based upon independent and adequate statutory procedural bars -- either based upon the fact that petitioner failed to identify the specific basis for his post-conviction relief claims as required by La. C.Cr.P. arts. 926 and 928, or that his claims were time-barred under La. C.Cr.P. art 930.8(A).  *Sayre v. Anderson*, 238 F.3d 631 (5th Cir. 2001)(When a state court declines to hear a prisoner's claims because the prisoner failed to fulfill state procedural requirements, federal habeas review is generally barred if the state procedural rule is independent and adequate to support the judgment).[3]  Because Gordon has not demonstrated any cause for his procedural default in state court and that any actual prejudice will result from this Court's decision not to review his claims, his present habeas petition should be dismissed.[4]

---

Cir. 2005).

[3] A federal court that reviews a state prisoner's habeas claim must respect a state court's determination that the claim is procedurally barred under state law. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 2508-09, 53 L.Ed.2d 594 (1977). However, a procedural default does not bar consideration of a federal claim on habeas review unless the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997)(A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief).

[4] *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991)("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause and prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.")

## **RECOMMENDATION**

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 2) filed by Willie Gordon be **DISMISSED WITH PREJUDICE** as untimely and procedurally barred.

Signed in chambers in Baton Rouge, Louisiana, March 27, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**